## OKLAHOMA GAS & ELEC. CO. v. HATHAWAY.

No. 31373. June 15, 1943.

*138 P. 2d 832.*

Rainey, Flynn, Green & Anderson, of Oklahoma City, for plaintiff in error.

Wm. L. Murphy, of Oklahoma City, for defendant in error.

GIBSON, V. C. J. This is an action by an alleged stockholder against his corporation to establish his ownership in certain shares of stock therein and to restrain defendant from canceling said shares of record. Defendant stood on its general demurrer to the petition after the same was overruled, and now appeals from the ensuing judgment.

In 1924 plaintiff subscribed for ten shares of defendant's corporate stock at a subscription price of $97 per share. The par value thereof was $100. Until February, 1943, plaintiff was recognized as the record owner of the shares, and regular dividends thereon paid to him, but in the latter month the defendant refused to pay the current dividend, asserting that the subscription price paid for the stock was less than par and for that reason was void under section 39, art. 9, of the Constitution. Said section reads as follows:

"No corporation shall issue stock except for money, labor done, or property actually received to the amount of the par value thereof, and all fictitious increase of stock or indebtedness shall be void."

Prior to the last dividend aforesaid, defendant accepted and retained payment made on behalf of plaintiff an additional $3 per share on the stock, thus resulting in actual payment of full par value therefor.

Defendant threatens to pay no more dividends on plaintiff's shares, and to cancel them of record.

Such, in substance, were the facts as disclosed by the petition.

Defendant says that in view of former decisions of this court the stock

certificates are void, unless the subsequent payment of the difference between the subscription price and the par value was legal, validating the stock. Webster v. Webster Refining Co., 36 Okla. 168, 128 P. 261, 47 L.R.A. (N. S.) 697; Lee v. Cameron, 67 Okla. 80, 169 P. 17.

The last-cited case was an action by a stockholder against the corporation and an individual stockholder to cancel certain shares of stock issued to the latter for only 40 per cent of the par value thereof. An intervener appeared, claiming to be an innocent purchaser of a portion of the stock issued to the defendant stockholder. Speaking of the issuance of the stock for less than par, the court said:

"And as stock issued in violation of the constitutional and statutory provisions of other states is void, so stock issued in this state for money, labor done, or property actually received, having a value less than the par value of the stock so issued, is in violation of our constitutional provision, and is therefore void. The party to whom it is issued does not obtain any title whatever thereto."

And further:

"The status of such stock is similar to that of an overissue, which has frequently and generally been held void in the hands of bona fide purchasers for value. This is based on the ground that as an overissue of stock is entirely beyond the power of a corporation, such overissue cannot be validated by any estoppel operating against the corporation. The same rule is also applied to stock in the hands of one who purchased it in good faith and for a valuable consideration from the party to whom it was illegally issued by the corporation, for the reason that such stock cannot legally exist, and the person taking it cannot, by estoppel or otherwise, become a stockholder in the corporation that permitted the stock to be issued."

The court held as follows:

"Section 39, art. 9, of the Constitution of Oklahoma, providing that 'no corporation shall issue stock except for money, labor done, or property actually received to the amount of the par value thereof, and all fictitious increase of stock or indebtedness shall be void, . . .' prohibits the issuance by corporations of watered or fictitiously paid-up stock, and a sale of the shares of stock by a corporation for money, labor done, or property actually received of a less value than the par value of said stock is in violation of said constitutional provision, and the stock so issued is void.

"Stock certificates are void in the hands of all holders if they were issued by the corporation in violation of section 39, art. 9, of the Constitution, for a consideration less than the par value thereof."

It would appear from the above decision that stock which is not fully paid up is equivalent to "fictitious increase of stock" within the meaning of the constitutional provision, and is void from its inception, not as a contract made illegal or wrong merely by legislation, but as a contract so inherently immoral as to be incapable of ratification for any purpose. (See, also, Collier v. Edwards, 144 Okla. 69, 289 P. 260.)

We are asked to re-examine the questions involved in Lee v. Cameron, supra, and to hold that stock of a corporation issued for less than par is voidable and not void. Persuasive argument is offered and well-considered decisions of other courts are cited in support of the contention, but for the disposition of this appeal we find it unnecessary to do so.

The decisions of other courts construing similar constitutional or statutory provisions as applied to like circumstances present quite a variety of interpretations. 14 C. J. 449-451, §§ 609-611.

Although the contract evidenced by the stock certificate may be void and incapable of ratification, we see no reason why it may not in good faith be validated or completed by the payment and acceptance of the difference in the amount originally paid and the par value of the stock. It has been so held in Wisconsin. Haynes v. Kenosha St. Ry. Co., 139 Wis. 227, 119 N. W. 568.

The court justifies the decision somewhat by certain statutes wherein provision was made for collecting the difference between the amount paid and the face value of the stock. The Wisconsin law declaring underpaid stock void is statutory while our own is constitutional.

Nevertheless, the Legislature of this state has authorized corporations to sue for and recover the amount due on stock subscriptions. 18 O. S. 1941 § 55. No doubt the statute does not contemplate the actual issuance and delivery of the certificates before the subscription therefor is paid in full. However, if the stock for some reason not inherently illegal should be issued before the payment of the subscription in full at par, we cannot believe that anyone would seriously contend that the constitutional provision would prohibit the subscriber and the corporation from validating or completing the transaction in good faith by the payment and acceptance of the balance, without the necessity of issuing new stock certificates. But, by mutual assent, they may satisfy the constitutional requirement and thus validate a transaction which, if allowed to stand, is said to be void in its inception. The question of ratification is not involved. We do not believe equity would be properly served if validation should be denied.

If stock cannot be validated as above related, then our statutes relating to the sale of building and loan association stock come near to being unconstitutional. They authorize the issuance of such stock upon installment payments. 18 O. S. 1941 §§ 211-242, 351-366. In those cases the corporation issues its stock without actually receiving money, labor, or property to the amount of the par value thereof, unless the lien reserved on the stock constitutes property actually worth the par value. Whether the lien would be worth the par value in every case, we do not say. In any event, building and loan installment stock has always been considered valid so far as the constitutional provision, supra, is concerned. Walker v.

Local Building & Loan Ass'n, 176 Okla. 168, 54 P. 2d 1078.

The Constitution of Kentucky, section 193, like our own, makes all fictitious increase of stock void. The Court of Appeals of that state has held as void only the excess stock, the portion in excess of the amount paid. And that court has held in an action by the corporation to enforce surrender of the excess that the stockholder may not elect to pay the difference and retain the stock, but the right of the stockholder and the corporation to validate the stock by payment and acceptance of the difference between the amount originally paid and the par value was recognized. Taylor v. Citizens' Oil Co., 182 Ky. 350, 206 S. W. 644. And we believe the opposite view would be wholly contrary to equitable principles. The Constitution, supra, does not purport to prohibit subsequent validation of stock by payment of par therefor.

The judgment is affirmed.

CORN, C. J., and OSBORN, BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. RILEY, J., absent.